14-2189-cv
Taveras v. Morales

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT:   PIERRE N. LEVAL,
                     GERARD E. LYNCH,
                     CHRISTOPHER F. DRONEY,
                                    Circuit Judges.

_____

INOCENCIA HERRERA TAVERAS, *acting on behalf of an infant child, L.A.H.*,

                                    *Petitioner-Appellant*,

                     v.                                                                    No.     14-2189-cv

JOSE ALONZO MORALES,

                                    *Respondent - Appellee*.

_____

FOR PETITIONER-APPELLANT:        CHRIS W. HAAF (Richard Min, Camhi & Min LLC, New York, NY, *of counsel*), Kilpatrick Townsend & Stockton LLP, Winston-Salem, NC.

FOR RESPONDENT-APPELLEE:  JOHN EMMETT MURPHY (Lauren W. Mitchell, *of counsel*), King & Spalding LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-appellant Inocencia Herrera Taveras appeals from a May 16, 2014 order of the district court denying her petition for return of her minor child, L.A.H., to Spain pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 (the "Hague Convention"), and its implementing statute, the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001 *et seq.* ("ICARA"). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Taveras argues that the district court erred in determining that she had filed her petition more than a year after L.A.H. was first wrongfully retained in the United States by her father, respondent-appellee Jose Alonzo Morales. The significance of that determination is that under the Hague Convention, if Taveras petitioned for the return of L.A.H. within a year after the wrongful retention of L.A.H. began, the district court was mandated to return the child to Spain in the absence of certain narrow affirmative defenses. If the petition was not filed within that period, and if L.A.H. was "now settled" in the United States, the district court had discretion whether to order her return. *See*

Hague Convention, art. 12.  The district court ruled that Taveras's petition was filed more than a year after the wrongful retention of L.A.H. began, that L.A.H. was "now settled" in the United States, and that it was in the best interests of L.A.H. that she be allowed to remain here, and therefore declined to order that L.A.H. be returned to Spain.  Taveras does not challenge on appeal the district court's finding that L.A.H. was settled in the United States, or its exercise of its discretion not to return her to Spain; she argues only that the district court erred in determining when L.A.H. was first wrongfully retained, that she filed her petition within a year of the correct date, and that the "now settled" defense was therefore not available to Morales.

We review the district court's interpretation of the Hague Convention de novo, and its factual determinations under a deferential "clearly erroneous" standard, accepting the district court's findings of fact "unless we have a definite and firm conviction that a mistake has been committed."  *Souratgar v. Lee*, 720 F.3d 96, 103 (2d Cir. 2013) (internal quotation marks omitted).

Taveras argues that the district court applied the wrong legal standard in determining when the wrongful retention began, because it should have required a "clear and unequivocal" communication by Taveras to Morales that she did not consent to L.A.H.'s continued stay in the United States as a prerequisite to finding that Morales's retention of L.A.H. had become wrongful.  *See* Appellant's Br. 14.

We need not decide here whether the formulation urged by Taveras is in fact the correct standard for determining when wrongful retention begins.  Assuming *arguendo*

3

that such a standard applies, the district court determined that it was met here, finding that Taveras had "made her demand [for the return of L.A.H.] sufficiently clear to [Morales]" by the end of summer 2012, and that Morales's retention of L.A.H. beyond that period was therefore wrongful. *Taveras v. Morales*, 22 F. Supp. 3d 219, 235 (S.D.N.Y. 2014). Acknowledging that where "one parent fails to inform the other parent that she does not consent to the child's stay beyond a particular date, it would be difficult to say that retention beyond that date is wrongful," the district court distinguished the situation at bar as "not such a case." *Id*. *Cf. Karkkainen v. Kovalchuk*, 445 F.3d 280, 290-91 (3d Cir. 2006) (holding that district court had clearly erred in finding that petitioner had not made an unequivocal demand for the child to be returned, while declining to decide whether such a demand is required for wrongful retention to begin under the Convention).

That finding was far from clearly erroneous. To the contrary, the court based it on: (1) Taveras's testimony that she spoke to Morales "[m]any a time during the months of August and September [2012]," Joint App'x 222, and (2) her "unequivocal[]" testimony, *Taveras*, 22 F. Supp. 3d at 235, that she did not consent to L.A.H.'s stay beyond the end of summer 2012, Joint App'x 317-318. The court also referenced Morales's testimony that, during that same period, Taveras "continued insisting" that he send L.A.H. back to her. Joint App'x 676; *see Taveras*, 22 F. Supp. 3d at 235 n.17. We see no reason to disturb the court's finding in the face of that evidence.

We have considered Taveras's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court